UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Barbara McCarty,                    :
            Petitioner,             :
                                    :
      v.                            :       2:04-CV-321
                                    :
Vermont State Mental                :
Hospital, Paul Jarris,              :
Commissioner, Vermont               :
Department of Health,               :
            Respondents,            :

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 4, 8 and 14)

Petitioner Barbara McCarty has filed a petition for
habeas corpus, pursuant to 28 U.S.C. § 2254, seeking to
vacate her involuntary commitment to the Vermont State
Hospital.  (Paper 7).  McCarty has also filed a motion to
enjoin her forced medication at the Vermont State Hospital,
and to amend her petition to add additional respondents.
(Papers 4 and 8, respectively).  The respondent has moved
to dismiss the petition, noting that McCarty has been
released from the Vermont State Hospital and arguing that
her petition is, therefore, moot.  (Paper 14).

For the reasons set forth below, McCarty's motions for
an injunction (Paper 4) and to amend her petition (Paper 8)

are DENIED.  Because release from custody does not
necessarily render a habeas petition moot, I recommend that
the respondent's motion to dismiss (Paper 14) also be
DENIED.

<u>Factual Background</u>

McCarty reports that on or about October 18, 2004, the
Caledonia County District Court committed her to the
Vermont State Mental Hospital "despite no legitimate
credible evidence for the committal." (Paper 7, Complaint
at 1).  Her commitment appears to have been ordered in the
course of a series of criminal actions brought against her
by the State of Vermont.  The state court ordered that her
hospitalization be for a period of 90 days.  (Paper 11,
Attachment 1).

On February 9, 2005, the Washington County Family
Court dismissed the Commissioner's application for
continued treatment and ordered that McCarty be released
from state custody.  Specifically, the court found that
McCarty was "not an imminent danger to herself or others,
as the law requires for hospitalization . . . ." (Paper 14
Attachment at 12).  The respondent now moves for dismissal

2

of McCarty's habeas corpus petition on the ground that her
release from state custody renders the petition moot.

Discussion

I.  <u>Mootness</u>

"The Supreme Court has held that a habeas petition is
not necessarily mooted when the petitioner is released from
prison, as collateral consequences of that conviction may
still impinge on the petitioner post-release, and therefore
a case or controversy may continue to exist." <u>Perez v.
Greiner</u>, 296 F.3d 123, 125 (2d Cir. 2002) (citing <u>Pollard
v. United States</u>, 352 U.S. 354, 358 (1957)).  Accordingly,
a habeas petition is rendered moot "'only if it is shown
that there is no possibility that any collateral legal
consequences will be imposed on the basis of the challenged
conviction.'"  <u>Id.</u> (quoting <u>Sibron v. New York</u>, 392 U.S.
40, 57 (1968)).  In cases where the petitioner was
involuntarily committed, courts have held that the
petitioner's release does not moot the petition since (1)
there is a likelihood that the petitioner will be
vulnerable to future commitments based upon the state
court's findings, and (2) the actual time of confinement

3

was too short to permit judicial review.  See, e.g., Doe v. Gallinot, 657 F.2d 1017, 1021 n.6 (9th Cir. 1981).

Here, the respondent has failed to show that McCarty's initial commitment will not cause her "any collateral legal consequences."  Indeed, the record in this case shows that McCarty has at least one child, and that her husband may have a restraining order barring her from the family home. In light of these facts, the initial finding of incompetency by the Caledonia County District Court could conceivably have a collateral impact upon McCarty's legal rights with respect to her access to her home and her family.  Therefore, and absent a showing by the respondent that this case is legally moot, I recommend that the respondent's motion to dismiss (Paper 14) be DENIED.

## II.  Motion for Injunctive Relief

In addition to her habeas corpus petition, McCarty has filed a motion asking this Court to preemptively bar doctors at the Vermont State Hospital from medicating her involuntarily.  (Paper 4).  Although a case or controversy may still exist with respect to McCarty's commitment to state custody, her release makes injunctive relief with

4

respect to her treatment while in state custody
unnecessary.  Furthermore, McCarty's motion was filed in
advance of any such forced medication, and there has been
no showing that the medication actually occurred.  Her
motion (Paper 4) is, therefore, DENIED.

III.  <u>Motion to Amend Petition</u>

Finally, McCarty has moved to amend her petition to
add various respondents.  (Paper 8).  Rule 2 of the Rules
Governing Section 2254 Cases states that "the application
shall be in the form of a petition for a writ of habeas
corpus in which the state officer having custody of the
applicant shall be named as the respondent."  McCarty's
initial petition properly named the Commissioner of the
Vermont Department of Health as the respondent.  (Paper 7).
No other parties may be named as respondents.  The motion
to amend the petition (Paper 8) is, therefore, DENIED.

<u>Conclusion</u>

For the reasons set forth above, McCarty's motions for
a stay or an injunction (Paper 4) and to amend her petition
(Paper 8) are DENIED.  I further recommend that the
respondent's motion to dismiss (Paper 14) be DENIED.

5

Dated at Burlington, in the District of Vermont, this 16th day of March, 2005.


/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).