UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Barbara McCarty,                :
          Petitioner,           :
                                :
     v.                         :      File No. 2:04-CV-321
                                :
Vermont State Mental            :
Hospital, Paul Jarris,          :
Commissioner, Vermont           :
Department of Health,           :
          Respondents.          :

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 25 and 26)

Petitioner Barbara McCarty has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254, seeking to vacate her involuntary commitment to the Vermont State Hospital. (Paper 7). She has also filed a motion to stay consideration of her petition for a period of one week. (Paper 26). The defendants have moved to dismiss for lack of exhaustion (Paper 25), but have since informed the Court that McCarty's state court appeal was recently decided by the Vermont Supreme Court. In light of the state appellate court's decision, I recommend that the motion to dismiss be DENIED. I further recommend that the parties be granted 30 days in which to submit additional briefing with respect to McCarty's petition. McCarty's motion for a stay is DENIED.

Factual Background

McCarty claims that on or about October 18, 2004,
the Caledonia County District Court committed her to the
Vermont State Mental Hospital for 90 days "despite no
legitimate credible evidence for the committal." (Paper
7, Complaint at 1).  On February 9, 2005, the Washington
County Family Court dismissed the Commissioner's
application for continued treatment and ordered that
McCarty be released from state custody.  Specifically,
the court found that McCarty was "not an imminent danger
to herself or others, as the law requires for
hospitalization . . . ."  (Paper 14, Attachment at 12).

On January 10, 2006, the Vermont Supreme Court
issued a ruling on McCarty's direct appeal with respect
to her involuntary hospitalization.  State v. McCarty,
2006 VT 4, __ Vt. __, 892 A.2d 250.  One of McCarty's
claims on appeal, as in this case, was that there was
insufficient evidence to support an order of
hospitalization.  The court affirmed the lower court's
decision, relying in large part upon the testimony of a
state psychiatrist and two law enforcement officials.
The court also held that McCarty's statement to the

psychiatrist in a pre-hearing examination did not
implicate her Fifth Amendment privilege against self-
incrimination.  Id.

### Discussion

The respondent has moved to dismiss for lack of
exhaustion of state court remedies.  In general, a § 2254
petitioner must exhaust her state court remedies before
relief may be granted.  28 U.S.C. § 2254(b)(1)(A).  In
order to satisfy the exhaustion requirement, a petitioner
must have presented her claim to the highest court of the
state.  See Fama v. Commissioner of Correctional
Services, 235 F.3d 804, 808-09 (2d Cir. 2000) (citing
Picard v. Connor, 404 U.S. 270, 275 (1971));  O'Sullivan
v. Boerckel, 526 U.S. 838 (1999).  While Vermont law
provides avenues for direct appeal, post-conviction
relief and state habeas corpus,[1] a petitioner need not
exhaust each of these remedies so long as she gives "the
state courts one full opportunity to resolve any
constitutional issues by invoking one complete round of
the State's established appellate review process."

---

[1]  See 12 V.S.A. § 2383 et seq. (direct appeal); 13
V.S.A. §§ 7131-37 (post-conviction relief); 12 V.S.A. §§
3951 et seq. (state habeas corpus).

O'Sullivan, 526 U.S. at 845.

The exhaustion requirement is not jurisdictional, and is instead a matter of federal-state comity.  See Wilwording v. Swenson, 404 U.S. 249, 250 (1971).  The exhaustion doctrine is designed not to frustrate relief in the federal courts, but rather to give the state court an opportunity to correct any errors in the state criminal process.  See id.  "[I]n a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights."  Coleman v. Thompson, 501 U.S. 722, 731 (1991) (citations omitted).

In this case, McCarty has exhausted her state court remedies.  That exhaustion, however, occurred after she filed her § 2254 petition and after the respondent filed his motion to dismiss on the basis of non-exhaustion.  The question before the Court, therefore, is whether McCarty's petition must be dismissed without prejudice and re-filed, or whether it may now be considered in light of the fact that her claims are now exhausted.

Section 2254 was designed to "encourage litigants *first* to exhaust all state remedies and *then* to file

4

their federal habeas petitions as soon as possible."
Duncan v. Walker, 533 U.S. 167, 181 (2001) (emphasis in
original).  Nonetheless, the U.S. Supreme Court has held
that in some circumstances a state prisoner may file a
petition in federal court prior to exhaustion, and that a
district court may stay the petition and consider the
prisoner's claims once exhaustion is complete.  See Pace
v. DiGuglielmo, 125 S. Ct. 1807, 1813 (2005); Rhines v.
Weber, 125 S. Ct. 1528, 1531 (2005).  Here, although
there was no request for an exhaustion-related stay,
McCarty exhausted her claims in state court while her
petition was pending.  The Supreme Court's holdings in
Pace and Rhines suggest that it is appropriate to now
consider those claims.  Moreover, the interests of
federal-state comity have been served, since Vermont's
highest court has had an opportunity to rule on the
merits of McCarty's arguments.  Accordingly, I recommend
that the respondent's motion to dismiss for lack of
exhaustion (Paper 25) be DENIED.

Also pending before the Court is McCarty's motion
for a stay of one week "to get legal advice."  (Paper 26
at 3).  The motion was filed on January 11, 2006, and

there was no activity in the case during the following week.  Furthermore, because I am recommending denial of the respondent's motion to dismiss, McCarty will suffer no prejudice if the Court does not formally grant her request for a stay.  The motion for stay (Paper 26) is, therefore, DENIED.

Finally, the Court notes that this case has been pending since 2004.  The respondent has twice moved to dismiss, and if this Report and Recommendation is adopted both motions will have been denied.  The Court seeks to address the merits of McCarty's claims, along with any remaining procedural matters, and bring this matter to a close in the near future.  However, the Court is reluctant to address the issues posed by the petition without the benefit of additional briefing from the parties.  I therefore recommend that, if the Court adopts this Report and Recommendation, the parties then be granted 30 days in which to submit briefing on any and all remaining issues.  That briefing may include, but need not be limited to, the issue of whether McCarty has

met her burden under 28 U.S.C. § 2254(d)(2).[2]

<u>Conclusion</u>

For the reasons set forth above, I recommend that the respondent's motion to dismiss for lack of exhaustion (Paper 25) be DENIED.  I further recommend that, if this Report and Recommendation is adopted, the parties be granted 30 days in which to submit additional briefing with respect to McCarty's petition.  McCarty's motion for a stay (Paper 26) is DENIED.

Dated at Burlington, in the District of Vermont, this 13<u>th</u> day of April, 2006.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings,

_____

[2]  Section 2254(d)(2) states that an application for a writ of habeas corpus shall not be granted with respect to any claim that was adjudicated on the merits in state court unless that adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  <u>See</u> Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).