UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Barbara McCarty,                     :
          Petitioner,                :
                                     :
     v.                              :     File No. 2:04-CV-321
                                     :
Vermont State Mental                 :
Hospital, Paul Jarris,               :
Commissioner, Vermont                :
Department of Health,                :
          Respondents,               :

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>
(Papers 7, 35 and 40)

Petitioner Barbara McCarty, proceeding *pro se*, has

filed a petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254, seeking to vacate her involuntary

commitment to the Vermont State Hospital.  (Paper 7).  In

her initial petition, McCarty complained that she had

been wrongfully committed without sufficient evidence and

that the state trial court judge had erred in several

rulings.  Since filing her petition, McCarty has

submitted additional allegations relating to the judge's

conduct during the commitment hearing, the effectiveness

of her court-appointed attorney, and the evidence being

used by the state to justify revoking her parental

custody rights.

The challenges raised in the initial petition were

largely presented to the Vermont Supreme Court, which
affirmed the lower court's commitment decision.  The
remaining arguments have not yet been exhausted at the
state level.  Currently pending before the Court are
McCarty's motion for a stay pending exhaustion of her
claims (Paper 40) and the respondent's motion for summary
judgment (Paper 35).  For the reasons set forth below, I
recommend that McCarty's motion for a stay be DENIED,
that her petition be DISMISSED without prejudice so that
she may exhaust her unexhausted claims, and that the
pending motion for summary judgment be DENIED as moot.

### Factual Background

On April 21, 2004, the State of Vermont charged
McCarty with truancy for allegedly failing to send her
son to school.  When she did not appear for the
arraignment, a warrant was issued for her arrest.  She
was arrested on May 4, 2004, and as a result of her
behavior at that time the State added a charge of
resisting arrest.

McCarty was released on conditions, but ultimately
violated those conditions and was arrested again on
September 2, 2004.  During this second arrest, she again

2

resisted.  The State subsequently charged her with a
second count of resisting arrest and with violating the
conditions of her release.

On May 5, 2004, prior to McCarthy's second arrest,
the State requested a competency evaluation.  The
evaluation was conducted by psychiatrist Paul Cotton,
M.D.  In a state court hearing on October 18, 2004, Dr.
Cotton testified that McCarty suffered from mental
illness and was not competent to stand trial.
Consequently, the state court committed McCarty to the
Vermont State Mental Hospital for a period of 90 days and
dismissed the criminal charges against her.  On October
21, 2004, McCarty appealed her commitment to the Vermont
Supreme Court.  She filed her habeas corpus petition in
this Court on November 22, 2004.

In her appeal to the Vermont Supreme Court, McCarty
argued (1) that the evidence did not support her
involuntary hospitalization, and (2) that the use of her
statements to Dr. Cotton violated her Fifth Amendment
privilege against self-incrimination.  McCarty also
claimed that she did not have sufficient notice that the
issue of hospitalization would be addressed at the

October 18, 2004 hearing.  In a written opinion dated January 10, 2006, the Vermont Supreme Court affirmed the lower court's ruling.

Currently on appeal at the Vermont Supreme Court is McCarty's challenge with respect to the loss of her parental rights.  The respondents report that the Vermont Family Court ruled "Ms. McCarty to be seriously ill and barred her from having any contact with [her] child unless, among other things, she first engaged in treatment for her illness."  (Paper 35 at 5) (citations omitted).  McCarty has raised issues relating to her loss of parental rights in this habeas corpus proceeding.

Since filing her initial petition, McCarty has supplemented her claims (Paper 37), and the Court has allowed these claims as amendments to her petition (Paper 39 at 1 n.1).  Her amendments include an allegation that her attorney failed to make certain arguments during the commitment hearing.  She also claims that counsel never discussed his arguments or his strategy with her prior to the hearing, despite her requests that he do so.  McCarty further argues that the lower court judge closed the record prematurely, thereby barring her and her attorney

from presenting a "crucial witness" and a written
rebuttal.  Although she made a similar claim previously,
she has recently characterized this latter claim as a due
process violation.  (Paper 37 at 2).  Finally, McCarty
reiterates several issues pertaining to her loss of
parental rights.

In an order dated July 21, 2006, the Court
determined that because her petition now consists of both
exhausted and unexhausted claims, it is a "mixed
petition" and, as such, subject to dismissal without
prejudice.  (Paper 39).  However, pursuant to Rhines v.
Weber, 544 U.S. 269, 276-78 (2005), the Court allowed
that McCarty could either strike her unexhausted claims
or request that her petition be stayed while she exhausts
her remedies in state court.  In response to the Court's
order, McCarty filed a timely motion for a stay (Paper
40).

## Discussion

In Zarvela v. Artuz, 254 F.3d 374 (2d Cir.), cert.
denied, 234 U.S. 1015 (2001), the Second Circuit
established procedures for the handling of "mixed" habeas
petitions.  Zarvela held, in part, that a district court

has discretion to dismiss unexhausted claims and stay

exhausted claims, so long as the petitioner promptly

files her state collateral proceedings and promptly

returns to federal court after the conclusion of the

state proceedings.  See Simms v. Moscicki, 2006 WL

2466811, at *10 n.27 (S.D.N.Y. Aug. 25, 2006) (citing

Zarvela, 254 F.3d at 380-82)).  After Zarvela, the

Supreme Court in Rhines addressed the "mixed petition"

issue and reached "a similar, but not identical, result."

Id.  The Supreme Court held:

> [S]tay and abeyance should be available only in
> limited circumstances.  Because granting a stay
> effectively excuses a petitioner's failure to
> present his claims first to the state courts,
> stay and abeyance is only appropriate when the
> district court determines there was good cause
> for the petitioner's failure to exhaust his
> claims first in state court.  Moreover, even if
> a petitioner had good cause for that failure,
> the district court would abuse its discretion if
> it were to grant him a stay when his unexhausted
> claims are plainly meritless.

Rhines, 544 U.S. at 277 (citations omitted).

This Court ruled previously that not all of

McCarty's unexhausted claims were plainly meritless.

(Paper 39 at 4-5).  Therefore, the Court allowed McCarty

the opportunity to request a stay pursuant to the Supreme

Court's ruling in Rhines.  McCarty has accepted the

6

Court's invitation and moved for a stay, arguing that her

claims have merit, and that the state courts have not

given her an adequate opportunity to be heard.  "The

Vermont Supreme Court affirmed everything, apparently

without ever viewing my evidence and merits.  The Lower

Court has blocked filing of viable merits, persisted in

permanent misrepresentation of me; I argue there is No

conceivable remedy or justice at the State level."

(Paper 40 at 2).

     As quoted above, the Rhines decision held that a

stay should only be granted in limited circumstances.

One requirement for a stay is the showing of "good

cause." Rhines, 544 U.S. at 278.  The Rhines court did

not define "good cause," nor has any Court of Appeals to

date supplied a definition.  See Clendinen v. Under, 2006

WL 2465176, at *3 (S.D.N.Y. Aug. 22, 2006).  In Pace v.

DiGuglielmo, 125 S. Ct. 1807, 1813-14 (2005), the Supreme

Court noted that "[a] petitioner's reasonable confusion

about whether a state filing would be timely will

ordinarily constitute 'good cause' for him to file in

federal court."  Id.  Several lower courts have further

determined that "good cause" should arise from external

factors, and not the petitioner's own decisions.  See
Ramdeo v. Phillips, 2006 WL 297462, at *5-*6 (E.D.N.Y.
Feb. 8, 2006) (collecting cases).

     Here, McCarty does not argue that she has been
confused with respect to the exhaustion issue.  Instead,
she contends that any further proceedings in state court
would be futile since, in her view, those courts will not
provide her a fair hearing.  Although the actions of the
state courts could be viewed as external, the stronger
view of McCarty's position is that she has deliberately
decided not to pursue state court remedies, based upon
her conclusion that those courts will not afford her a
"remedy or justice."  (Paper 40 at 2).

     The belief that a claim will be unsuccessful in
state court generally does not excuse the petitioner from
exhausting her state court remedies.  See Jones v. Keane,
329 F.3d 290, 295 (2d Cir. 2003) ("[T]he fact that the
[state court] may have been unlikely to grant habeas
relief on his [constitutional claim] does not cure his
failure to have raised it in state courts."); Minter v.
Beck, 230 F.3d 663, 666 (4th Cir. 2000) (refusing to
excuse failure to raise claim in state court, observing

8

that while effort to obtain state court relief may have
been "incapable of producing a successful result, the
effort [of raising the claim] was still possible"); Scott
v. Mitchell, 209 F.3d 854, 871 (6th Cir. 2000).
Consequently, this Court should not conclude that
McCarty's failure to exhaust to date, based her belief
that it would be fruitless to seek collateral relief in
state court, constitutes "good cause" justifying a stay
of her petition.  The motion for stay should, therefore,
be DENIED.

McCarty's direct appeal of her involuntary
commitment was decided in January, 2006, and the one-year
statute of limitations for filing a federal habeas corpus
petition has not yet run.  As the Court explained
previously, the fact that this habeas corpus petition has
been pending since, and indeed prior to, January of 2006
does not halt the running of the one-year statute.
See Duncan v. Walker, 533 U.S. 167 (2001).  The period
will be tolled, however, once McCarty "properly file[s
an] application for State post-conviction or other
collateral review."  28 U.S.C. § 2244(d)(2).  McCarty is,
therefore, urged to move quickly with the filing of a

9

collateral motion or petition in state court, and once her claims have been exhausted, to move with similar haste in re-filing her habeas corpus petition in this Court.

### Conclusion

For the reasons set forth above, I recommend that McCarty's motion for a stay (Paper 40) be DENIED, and that her petition for a writ of habeas corpus (Paper 7), filed pursuant to 28 U.S.C. § 2254, be DISMISSED without prejudice for lack of exhaustion.  I further recommend that the respondents' motion for summary judgment (Paper 35) be DENIED as moot.

Dated at Burlington, in the District of Vermont, this 20th day of September, 2006.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).